UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21205-CIV-HOEVELER

NCL (BAHAMAS) LTD., a Bermuda company,

    Plaintiff,

v.

CRUISE SOLUTIONS BELIZE LTD., a
Belizean entity, and GREG FEELY, individually,

    Defendants.


GREG FEELY,

    Counter-Plaintiff/Cross-Plaintiff,

v.

NCL (BAHAMAS) LTD., a Bermuda company, and
CRUISE SOLUTIONS BELIZE LTD., a Belizean entity,

    Counter-Defendant and Cross-Defendant.

_____/

## ORDER DENYING DEFENDANT CRUISE SOLUTIONS BELIZE LTD.'S MOTIONS TO DISMISS, AND GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION

This Cause comes before the Court upon the Motion to Dismiss the Amended Complaint filed by Defendant Cruise Solutions Belize Ltd., a Belizean entity, Defendant Cruise Solutions' Motion to Dismiss the Cross-Claim filed by Defendant Greg Feely, and the Plaintiff's Motion to Dismiss and Compel Arbitration. For the reasons stated below, the Court denies Defendant Cruise Solutions' motions to dismiss and grants the Plaintiff's motion to compel arbitration.

This case arises from an accident in January 2007 in Belize which seriously

injured Defendant Greg Feely, an employee of Plaintiff NCL (Bahamas) Ltd. The accident occurred while Feely was participating in an activity, i.e., an excursion for NCL's crew members, being conducted by Defendant Cruise Solutions. Feely was acting in the course of his employment at all relevant times.

On May 8, 2007, Plaintiff NCL filed this action against Defendant Cruise Solutions, arguing that Cruise Solutions should indemnify NCL for the maintenance and cure payments already made to Feely (as of January 2008, medical payments made on Feely's behalf exceeded $1,000,000, see Docket No. 47). Shortly thereafter, on July 3, 2007, Plaintiff amended the complaint to include a claim for declaratory relief against Defendant Cruise Solutions and, for the first time, against Feely. In responding to the Amended Complaint, Feely brought a counter-claim against NCL under the Jones Act and for maintenance and cure, and a cross-claim against Cruise Solutions for negligence.

NCL now seeks, pursuant to the employment contract signed by Feely, to compel arbitration of Feely's Jones Act and maintenance and cure claims against NCL and to dismiss its own declaratory relief claim against Feely. The Court has reviewed the employment contract, signed by Feely on August 19, 2006, and apparently in effect on the date of the alleged injury[1], which clearly provides that:

> any and all claims for illness, injury or death while employed as a seaman by NCL, including, but not limited to, claims pursuant to the Jones Act, claims pursuant to general maritime law, ... including without limitation: claims for

---

[1] While the contract specifies that it is for three (3) months' duration, i.e., would have expired on approximately November 19, 2006, Feely has not disputed NCL's assertion that the contract "was extended by agreement of the parties and was in effect on the date of the alleged injury."

2

> maintenance, cure and sick wages and any and all other tort claims ... shall be resolved pursuant to the arbitration rules of the American Arbitration Association ("AAA") in Dade County, Florida, in a three person binding arbitration administered by the AAA in Miami, Florida.

Thus, Feely's counter-claims in this action are subject to arbitration absent a compelling argument from Feely that the contract is "null and void." According to Article II(3) of the United States Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 205 et seq. ("Convention"):

> The Court of a Contracting State, when seized of an action in a matter in respect of which the parties have made an agreement within the meaning of this article, shall, at the request of one of the parties, refer the parties to arbitration, *unless it finds that the agreement is null and void, inoperative or incapable of being performed.* (Emphasis added).

Under the Convention, an agreement to arbitrate is "null and void" when it is subject to internationally recognized defenses such as duress, mistake, fraud, or waiver, or when it contravenes fundamental policies of the forum nation. Oriental Commercial and Shipping Co., Ltd. v. Rossell, 609 F.Supp. 75, 78 (D.C.N.Y. 1985). In the instant case, Plaintiff contends that the arbitration agreement is "null and void" because NCL effectively waived its right to arbitrate by filing this action, which in turn required Feely to defend himself in this litigation, and to file a separate action which is before this Court, Feely v. NCL, et al., Case No. 07-21951-CIV.

The Court of Appeals for the Eleventh Circuit has stated that a party has waived its right to arbitrate if "under the totality of the circumstances, the party has acted inconsistently with the arbitration right, and, in so acting, has in some way prejudiced the other party." S&H Contractors, Inc. v. A.J. Taft Coal Co., 906 F.2d 1507, 1514 (11th Cir. 1990). A party's contractual right to arbitration may be waived by substantially

3

participating in litigation or taking action inconsistent with an intent to arbitrate, e.g., by instead filing an action before this Court. The test in this Circuit requires a showing of both inconsistent conduct by the party seeking to enforce the arbitration agreement and prejudice to the opposing party. Ivax Corp. v. B. Braun of America, Inc., 286 F.3d 1309, 1316-17 (11th Cir. 2002). Prejudice has been established in situations where the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate. Morewitz v. West of England Ship Owners Mut. Prot. & Indem. Ass'n, 62 F.3d 1356 (11th Cir. 1995), citing E.C. Ernst, Inc. v. Manhattan Constr. Co., 559 F.2d 268, 269 (5th Cir. 1977).

Feely has attempted to demonstrate prejudice here resulting from the costs of defending himself in this litigation, and from the risk that any delay from his having to arbitrate his claims with NCL will result in harm to Feely because Cruise Solutions, against whom NCL will proceed in this Court, will have no resources left to pay any judgment which Feely subsequently might obtain. However, as argued by NCL, this is an insufficient demonstration of prejudice to constitute a waiver of the right to arbitrate. Only two months passed between when Feely was served, through counsel, with a copy of the Amended Complaint (July 23, 2007), and the date on which NCL moved to compel arbitration (September 17, 2007). While Feely's counsel was diligently preparing for litigation during these two months, and filed a separate action (on July 30, 2007, before this Court), these efforts are not entirely without utility, as Feely's claims against Cruise Solutions will proceed in the action before this Court (see discussion below). Thus, the Court concludes that Feely has not demonstrated sufficient prejudice to establish a waiver, under this Circuit's controlling precedent, of NCL's right to

4

arbitrate and the motion to compel arbitration shall be granted. In addition, NCL's claims against Feely are dismissed. On this same date, the Court has issued an order in the related case, Case No. 07-21951-CIV, which grants NCL's motion to dismiss and compel arbitration of Feely's claims in that case.

NCL's claims against Cruise Solutions are the subject of one of the pending motions to dismiss filed by Cruise Solutions. The other motion to dismiss seeks to dismiss the negligence cross-claim filed by Feely against Cruise Solutions. As the arguments are very similar as to each motion, the Court will address them collectively.

Cruise Solutions argues that this Court lacks subject matter jurisdiction and personal jurisdiction, and that the claims against Cruise Solutions (both NCL's and Feely's) should be dismissed on the basis of improper venue and *forum non conveniens*. NCL and Feely each responded in opposition to the motions to dismiss, and Cruise Solutions filed no reply brief – perhaps in acknowledgment of the weakness of the arguments presented in the motions. As noted by NCL, there is clear authority for the exercise of subject matter jurisdiction by this Court over claims relating to maintenance and cure whether they be brought by NCL or by Feely (as a negligence action). It is clear that indemnification claims may be brought under maritime law for maintenance and cure paid to seamen injured by the negligence of a third party. Bertram v. Freeport McMoran, Inc., 35 F.3d 1008, 1013 (5th Cir. 1994). Moreover, the distinction made by Cruise Solutions as to Feely's injuries occurring on land instead of at sea is irrelevant in the context of determining maintenance and cure obligations under maritime law. Warren v. United States, 340 U.S. 523 (1951). The Court also has admiralty jurisdiction over NCL's declaratory relief claims against Cruise Solutions.

5

The Court finds that Cruise Solutions has conducted sufficient business in this jurisdiction to subject itself to this Court's jurisdiction – indeed, service on Cruise Solutions was accomplished by serving its President and Chief Executive Officer, David Gegg, in Miami on June 28, 2007. It is undisputed that Cruise Solutions has a web site which reaches Florida residents, although Cruise Solutions disavows conducting direct mail marketing efforts "physically in Florida." While Cruise Solutions claims that it does not engage in "substantial and/or non-isolated activity in Miami, Dade County, Florida, nor does it maintain continuous and/or systematic general business contacts with the State of Florida," it does not dispute NCL's claim that Cruise Solutions' President "regularly meets with cruise lines in Miami, including NCL, to solicit business and market the services Cruise Solutions offers." Indeed, as noted above, Mr. Gegg was served while at the NCL offices. And, finally, as noted by Feely, the venue and *forum non conveniens* arguments must fail. While the accident occurred in Belize, the overwhelming majority of witnesses are the other passengers in the vehicle, i.e., NCL employees at the time, presumably none of whom are residents of Belize. Cruise Solutions has not demonstrated a sufficient basis for this Court to decline to exercise jurisdiction here in Miami, in favor of Belize. Indeed, Feely's medical care was provided in Miami, and those witnesses presumably are available in this jurisdiction.

For all of the above reasons, Cruise Solutions' motion to dismiss the claims by NCL for indemnification and declaratory relief must be denied, as is the motion to dismiss Feely's claim against Cruise Solutions for negligence. The Court has issued an order on this same date in the related case, Case No. 07-21951-CIV, which dismisses that case and directs the parties to proceed accordingly in this case.

Based on the reasoning outlined above, it is

ORDERED AND ADJUDGED that Plaintiff's Motion to Dismiss and to Compel Arbitration is GRANTED. Plaintiff's claims against Feely are dismissed, Feely's counter-claim against NCL is dismissed, and the claims between those two parties shall proceed to arbitration immediately. Further, it is

ORDERED AND ADJUDGED that Defendant Cruise Solutions' Motion to Dismiss Amended Complaint is DENIED, and Defendant Cruise Solutions' Motion to Dismiss Feely's Cross-Claim is DENIED. Cruise Solutions shall file an answer to each claim no later than March 11, 2008.

DONE AND ORDERED in Chambers in Miami this 27th day of February 2008.

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

Copies furnished:
Alex M. Gonzalez
Gregory A. Reed
Joseph J. Kalbac